**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Marco Antonio GARCIA–PEREGRINA,**
**aka Mark Garcia aka Marco Antonio**
**Garcia, Defendant—Appellant.**

Nos. 02–10401, 02–10402.
D.C. No. CR–95–00013–JMR,
CR–01–01368–JMR.

United States Court of Appeals,
Ninth Circuit.

Submitted June 12, 2003.*

Decided June 20, 2003.

---

3. *Id.*

5. *Id.* at 69, 112 S.Ct. 475.

6. *Id.* at 69, 71–75, 112 S.Ct. 475.

7. 28 U.S.C. § 2254(d).

8. *Id.*

9. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before T.G. NELSON and HAWKINS, Circuit Judges, and ZILLY, District Judge.**

## MEMORANDUM ***

██ The district court did not err in finding that Marco Antonio Garcia–Peregrina's underlying deportation could not be collaterally attacked in an action for illegal reentry after deportation. 8 U.S.C. § 1326(a), (d). The district court also correctly calculated his criminal history score. This court reviews *de novo* a collateral challenge to an underlying deportation. *United States v. Ahumada–Aguilar,* 295 F.3d 943, 947 (9th Cir.2002). A district court's determination that a prior conviction counts for purposes of the criminal history score under the Sentencing Guidelines is also reviewed *de novo. United States v. Lopez–Pastrana,* 244 F.3d 1025, 1027 (9th Cir.2001).

In a criminal proceeding for illegal reentry after deportation,

> an alien may not challenge the validity of the deportation order ... unless the alien demonstrates that–
>
> > (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
> >
> > (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
> >
> > (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d).

Garcia–Peregrina was not deprived of the opportunity for judicial review and

---

** Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**524**

therefore cannot collaterally attack the underlying deportation. 8 U.S.C. § 1326(d)(2). Garcia–Peregrina withdrew his pending appeal from this court, thereby waiving the right to continued judicial review. *See United States v. Mendoza–Lopez,* 481 U.S. 828, 840, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987).

Additionally, Garcia–Peregrina was not deprived of judicial review through retroactive application of AEDPA § 440(d) in his deportation proceedings. The rule announced by this court one and one-half years after Garcia–Peregrina's deportation that AEDPA § 440(d) cannot apply to "deportation cases pending on the date AEDPA became law," does not authorize a collateral challenge to the underlying deportation. *Magana–Pizano v. I.N.S.,* 200 F.3d 603, 611 (9th Cir.1999). This court recently stated, "as *Magana–Pizano* announced a new rule, it does not apply retroactively on collateral review." *Alvarenga–Villalobos v. Ashcroft,* 271 F.3d 1169, 1171 (9th Cir.2001).

■ The district court did not err in assigning one point to Garcia–Peregrina's criminal history score for a prior misdemeanor assault. U.S. Sentencing Guidelines Manual §§ 4A1.1, 4A1.2. The offense counts because "assault is a serious crime which is normally counted under Guideline 4A1.2." *United States v. Kemp,* 938 F.2d 1020, 1024 n. 4 (9th Cir.1991).

AFFIRMED.